LLOVERAS v. UNITED FRUIT CO.

———

(June 24, 1929. Opinion and Decree.)

———

Legier, McEnerny & Waguespack, of New Orleans, attorneys for plaintiff, appellant.

Spencer, Gidiere, Phelps & Dunbar, of New Orleans, attorneys for defendant, appellee.

WESTERFIELD, J. This is an appeal from a judgment maintaining an exception of no cause of action.

Plaintiff alleges that he shipped a quantity of potatoes from New Orleans to Havana, Cuba, via the defendant's steamship "Cartago"; that the potatoes were in first-class condition when they left New Orleans, but that upon arrival in Cuba they were found to be damaged more than 50 per cent of their value; that the damage was occasioned by the negligence of defendant in putting the potatoes in such location in the hold of its ship as to subject them to great heat; that the steamship "Cartago" was equipped with ventilating fans and, though the shipment was made in the month of June, the fans were not in operation on the voyage; that as a result of defendant's alleged negligence, plaintiff sustained a loss of $690 for which he asks a judgment.

Defendant's exception is based upon paragraph 22 of the bill of lading covering the shipment of potatoes, which was attached to plaintiff's petition. The pertinent part of this paragraph reads as follows:

"22. If there is opportunity to discover by examination, before removal of the goods, that * * * damage to the goods exists or may exist the carrier or vessel shall not be liable for any such * * * damage, unless notice of claim therefor be presented in writing to the carrier or to the master or agent of the vessel before removal of the goods * * * the carrier or vessel shall not, in any event, be liable for any claim or demand arising under this bill of lading or in respect of the goods, unless notice of the claim be presented in writing to the carrier within thirty days after delivery of the goods to the initial carrier hereunder * * * Nothing shall be deemed a waiver of the provisions of this article except a written express waiver signed by the carrier."

There is no allegation in plaintiff's petition to the effect that written notice of claim was made before the removal of the goods from defendant's vessel or within thirty days after delivery of the potatoes in Havana. In a supplemental petition voluntarily filed subsequent to the filing of the exception of no cause of action the allegation is made that after the potatoes "were placed upon the wharf of the United Fruit Company in Havana, Cuba, they were examined by the consignee, Mr. Emilio Hevia y Fernandez, who discovered, upon such examination, that the potatoes were damaged at least 50 per cent, and that he immediately thereafter verbally notified the agent of the United Fruit Company at Havana, Cuba, of such fact, and gave the defendant herein, the United Fruit Company, ample opportunity to examine these potatoes prior to their removal from the wharf."

In counsel's brief filed in this Court, it is admitted that no written notice of any kind was given defendant. The question, therefore, is whether plaintiff's failure to comply with this stipulation in the bill of lading is fatal to his recovery. The contention is that the defendant has waived the requirement of written notice of claim by the acceptance of verbal notice and that in any event this provision in a bill of lading is unreasonable and, therefore, invalid.

Our attention is called to the fact that the bill of lading is sixteen inches long and ten inches wide and that printed on both sides in the smallest type are provisions qualifying, limiting and denying liability on the part of the carrier. Just what counsel would infer from this circumstance we are not advised. The print, though quite small, is legible. We would not recommend the perusal of the bill of lading as a literary diversion, but it seems to us that one who is in the habit of shipping large quantities of merchandise, potatoes for instance, should have a working knowledge of its contents at whatever cost in time and patience may be necessary. In any event it is the contract between the parties to this case and upon which the claim of plaintiff must either stand or fall.

As to the alleged waiver of writen notice, we find an express stipulation in the bill of lading that this provision may not be waived except by "a written express waiver signed by the carrier." There is no pretension that such waiver was signed by the carrier.

The reasonableness of the notice required has been upheld in a great number of cases. In The Persiana, (C. C. A.) 185 Fed. 396, the court, in upholding the reasonableness of this stipulation, said:

" 'The parties were competent to make the contract and did make it, and it must be held good, unless it is contrary to public policy.'

"Since we cannot hold that the clause in this bill of lading is against public policy, we cannot strike it out of the contract merely because the present case is a hard one, nor can we substitute some other clause in its place on any theory that claimant may not have been prejudiced by failure to receive notice of claim while the goods were still under its control. Having failed to comply with this provision, libellants cannot recover."

See also The Westminster, (C. C. A.) 127 Fed. 660, and The San Gulielmo, (C. C. A.) 249 Fed. 598.

In the case of Gooch vs. The Oregon Short Line R. R. Co., 258 U. S. 22, 42 S. Ct. 192, 66 L. Ed. 443, cited by plaintiff, it was held that the requirement of written notice of claim of personal injury within thirty days after the injury, by a person transported on a railroad pass, was reasonable. The dissenting opinion, which counsel quotes at length is, of course, interesting as all emanations from such an eminent source always are, but it is not authoritative.

Our conclusion is that the judgment of the trial court is correct, and for the reasons herein assigned, it is affirmed.